# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN M. C., | ) | |
| | ) | No. 19 C 6521 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kathleen M. C. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

On May 21, 2015, plaintiff filed an application for benefits alleging a disability onset date of July 28, 2010. (R. 313.) Her application was denied initially, on reconsideration, and after a hearing. (R. 137, 154, 158-68.) Subsequently, the Appeals Council remanded the case for additional proceedings. (R. 176-77.)

After a second hearing, an administrative law judge ("ALJ") again denied plaintiff's application. (R. 13-25, 83-123.) The Appeals Council declined review (R. 6-8), leaving the ALJ's decisions as the final decisions of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between the amended alleged onset date of April 18, 2014 through December 31, 2016, her date last insured ("DLI"). (R. 15.) At step two, the ALJ determined that, through her DLI, plaintiff had the severe impairments of "recurrent sinus infections and contact dermatitis with sensitivity to pulmonary irritants." (R. 16.) At step three, the ALJ found that, through her DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 17-18.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as an administrative assistant, and thus she was not disabled. (R. 18-24.)

Plaintiff, who appeared unrepresented at the second hearing, contends that the ALJ violated his duty to develop the record. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (stating that "ALJ in a Social Security hearing has a duty to develop a full and fair record"). However, "th[e] court generally upholds the reasoned judgment of the Commissioner on how much evidence to gather, even when the claimant lacks representation." *Id.* Accordingly, a court will find that the Commissioner failed to develop the record only if there is a prejudicial omission from it. *Id.* "'Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.'" *Id*. (quoting *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994)). "Instead a claimant must set forth specific, relevant facts—such as medical evidence—that the ALJ did not consider." *Id.*

The prejudicial omission here, plaintiff says, is the ALJ's failure to obtain opinions from plaintiff's treating physicians or to call a medical expert to testify at the hearing. (ECF 12 at 10.) Plaintiff does not, however, explain what opinions her physicians would have offered or what testimony an expert would have given, the absence of which prejudiced her. Without such a

3

showing, there is no basis for the Court to conclude that the ALJ failed to develop the record adequately.

Plaintiff takes issue with the RFC, which, in relevant part, provides that, prior to her DLI, plaintiff:

> [W]ould have needed to work in relatively clean environments, although she did not require a "clean room" environment. She could have no contact with chemicals such as cleaning supplies and caustic solvents, and should have no more than minimal exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation. She could not be required to work in close proximity to co-workers who are wearing fragrant personal care products. . . . In addition, she [would have been] . . . precluded from work involving direct public service, in person or over the phone, although [she] could [have] tolerate[d] brief and superficial interaction with the public, which was incidental to her primary job duties.

(R. 18.) Plaintiff says the RFC is faulty because it "ignore[s] the statement by Dr. Richmond that Plaintiff endures depression and anxiety as a result of her unexplained symptoms, and . . . the statement made by the consultative psychological examiner . . . regarding manifestations of her obsessive compulsive disorder." (ECF 12 at 11.) Dr. Richmond said that plaintiff has "situational depression/anxiety due to ill-defined disease process." (R. 1553.) But the doctor did not ascribe any functional limitations to these conditions. (R. 1153-54.) Similarly, the consultative examiner noted that plaintiff needed to have "things . . . in good order" and rearranged items on the examiner's desk, but she also said plaintiff reported that "[her OCD] and . . . depressive symptoms were well-managed by her medications." (R. 1134.) Because there is no medical evidence that plaintiff's psychological impairments imposed limitations on her ability to perform work activities, the RFC's failure to include any such limitations is not error.

Plaintiff also says the RFC improperly should require her to work in a "clean room," the only environment, she says, that would shield her from all of the substances to which she is sensitive. However, no doctor opined that plaintiff can only work in a "clean room," and the RFC

4

limits plaintiff from working around the substances Dr. Richmond said plaintiff should avoid. (*See* R. 18, 1553.)[1] Accordingly, there is no error in the RFC.

The Court also finds no error in the ALJ's symptom evaluation. The ALJ did not fully credit plaintiff's symptom allegations because her daily activities belied them, she had complained about chemical sensitivities for more than seven years before her alleged amended disability onset date, she did not appear at any of the hearings wearing protective gear, and her symptoms resolved upon taking medication. (R. 20.) Because the symptom evaluation is supported by record evidence and is not patently wrong, the Court has no reason to disturb it. *See Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015) ("So long as an ALJ gives specific reasons supported by the record, we will not overturn his credibility determination unless it is patently wrong.").

## Conclusion

For the reasons stated above, the Court affirms the ALJ's decision, grants the Commissioner's motion for summary judgment [20], and terminates this case.

**SO ORDERED.**  **ENTERED:** November 19, 2020

_____
**M. David Weisman**
**United States Magistrate Judge**

---

[1] Another physician, Dr. Blaszak, opined that plaintiff should not be exposed to a host of other things, *see* R. 1810-12, but the ALJ rejected this opinion. (*See* R. at 21.)